UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCESCO VASQUEZ,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, STATE OF ARIZONA,<br><br>Respondents. | 5:25-CV-05089-RAL<br><br><br>OPINION AND ORDER DISMISSING PETITION |

On November 17, 2025, Petitioner Jose Francesco Vasquez filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Vasquez asserts this Court has jurisdiction under 28 U.S.C. § 2241 because he is a "person[] in custody under state authority in violation of the Constitution or laws of the United States." Id. at 2. Vasquez seeks multiple forms of relief, including a writ of habeas corpus preventing the State of "South Dakota from detaining [him] at or after the November 18, 2025[,] hearing." Id. at 4. Because Vasquez's petition is barred by Younger abstention and Vasquez can and should raise these claims in his pending state criminal case, this Court screens and dismisses the petition without prejudice to refiling if Vasquez is convicted and has exhausted his claims in state court.

I. Facts

Vasquez's petition, which is no model of clarity, provides the following information. Doc. 1. On March 7, 2024, Vasquez posted a $30,000 cash bond in a criminal case in Harding County, South Dakota. Id. at 2. At the time Vasquez posted bond, Arizona had a warrant out for his arrest,

1

which he alleges was facially invalid. Id. Vasquez alleges a condition of his South Dakota bond stated, "turn yourself into Arizona on the Warrant." Id. Vasquez alleges "Arizona falsely marked the Warrant 'served' eighteen months after [his] arrest, despite no lawful service." Id. Vasquez further asserts that "[a] new Arizona warrant was filed, repeating the same defects and failing to cure the original invalidity." Id.

On October 1, 2025, Vasquez filed a Motion to Exonerate Bond and Return Funds in his pending criminal case in Harding County, South Dakota. Id. Vasquez alleges South Dakota State Prosecutor Dusty J. Ginsbach filed a Motion to Revoke Bond in retaliation on November 16, 2025. Id. at 3. Vasquez states (or perhaps was predicting) that "Judge Eric J. Strawn issued an Order to Forfeit Bond . . . directing forfeiture of $30,000 and issuance of new arrest warrant" on November 18, 2025. Id. Curiously, November 18, 2025, was two days after Vasquez signed his petition and one day after it was filed. See id. at 4 (filed November 17, 2025).

Vasquez alleges his defense counsel and Prosecutor Ginsbach "colluded to assert felony enforcement rights tied to [his] bond, despite no written agreement." Id. at 3. Vasquez alleges this occurred during a hearing before South Dakota Judge Michelle Comer for the purpose of entering a guilty plea in an unrelated reckless driving matter. Id. Vasquez alleges his counsel and the prosecutor "conspired to defraud [him] of bond money by fabricating enforcement terms" and that he "now faces imminent arrest by sheriff following the November 18, 2025[,] hearing." Id.

As this Court understands it, based on the supplemental exhibits Vasquez filed with his petition, Vasquez had an outstanding warrant in Arizona when he was pulled over in South Dakota for reckless driving, among other offenses, in late February 2024. See Doc. 1-1 at 7–12, 59–60. The State of South Dakota filed a criminal complaint against Vasquez in state court, including a charge of being a fugitive from justice, and he made an initial appearance on March 7, 2024, where

2

he pleaded not guilty to all counts and signed a waiver of extradition. See id. at 33, 56, 59. Two bonds were set: one for $5,000 regarding his reckless driving charges and another for $30,000 regarding the fugitive from justice charge, and Vasquez was to turn himself in to the authorities in Arizona as a condition of the bonds. See id. at 22–26, 30–33, 57, 59–60. Vasquez, through power of attorney, pleaded guilty to the reckless driving charge and the state court entered judgment of conviction on March 12, 2024. See id. at 23, 35–37, 56–57, 60. South Dakota dismissed all other charges in this matter. See id. at 53–54. Vasquez's $5,000 bond was exonerated to pay for court costs with the remainder being remitted to his attorney. See id. at 57, 60.

South Dakota then filed a subsequent criminal complaint, charging Vasquez with being a fugitive from justice. See id. at 21, 59. Ginsbach agreed to dismiss this fugitive from justice charge and exonerate Vasquez's $30,000 bond if he turned himself into Arizona, with a status hearing being set for September 10, 2024. Id. at 22, 60. Vasquez did not appear for the status hearing, and the State of South Dakota confirmed that the Arizona warrant was still active. See id. at 60. The South Dakota state court set a status hearing for October 22, 2024, and issued a summons to the appropriate sheriff's office. See id. South Dakota did not obtain personal service on Vasquez by October 22. See id. Vasquez's attorney sent an email to Ginsbach asking for information on Vasquez and stating that he had been calling her office to get the $30,000 bond back. See id. On July 2, 2025, Ginsbach received a letter from Vasquez stating he was "attempting to clarify the status of the case in Arizona." Id. On November 10, 2025, Ginsbach issued a summons for Vasquez to appear on November 18, 2025. See id. at 18. Vasquez filed this petition on November 17, 2025. Doc. 1.

3

## II. Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." This rule also applies to petitions arising under § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on a review of Vasquez's Petition, it "plainly appears" Vasquez is not entitled to relief. This Court will not intervene in ongoing state-court criminal proceedings where no "special circumstances" exist, nor where Vasquez has failed to exhaust available state court remedies under these circumstances.

### A. Younger Abstention

Vasquez asks this Court to "prevent[] South Dakota from detaining [him] at or after the November 18, 2025[,] hearing." Doc. 1 at 4. In doing so, he asks this Court to enjoin or otherwise intervene in his ongoing state judicial proceedings, which the abstention doctrine set forth in Younger v. Harris precludes. 401 U.S. 37 (1971). Younger requires "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (quoting Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)). "Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to such proceedings should be raised there." Brown v. Wilson, No. 2:22-cv-00071, 2023 WL 1100345, at *3 (E.D. Mo. Jan. 27, 2023) (citing Meador v. Paulson, 385 F. App'x 613 (8th Cir. 2010) (per curiam)). "[C]oncepts of comity and federalism require federal courts to abstain from

interfering with pending state court criminal proceedings, except under 'special circumstances' such as a bad-faith prosecution or when a criminal statute is 'flagrantly and patently' unconstitutional on its face." Wassef v. Tibben, 68 F.4th 1083, 1086–87 (8th Cir. 2023) (citing Younger, 401 U.S. at 41, 44–45, 53–54).

Here, Vasquez does not allege that a bad-faith prosecution is being commenced against him or that a criminal statute is "flagrantly and patently" unconstitutional. Rather, he argues that a warrant is defective, and that his attorney exceeded his authority in accepting bond terms. Doc. 1 at 2–3. Vasquez's state criminal proceeding "affords [him] an adequate opportunity to raise the federal questions" he presents to this Court. Norwood, 409 F.3d at 903. Indeed, he can challenge the validity of the warrant in state court. The circumstances alleged here do not rise to the level of "special circumstances" that are necessary for a federal court to intervene with ongoing state criminal proceedings. See Wassef, 68 F.4th at 1086–87.

### B. Abstention under § 2241

Vasquez's petition is filed under 28 U.S.C. § 2241. Generally, § 2254 is the "exclusive vehicle for habeas relief for prisoners in the custody of a state." DeCory v. Pfiefle, No. 5:23-CV-5039, 2024 WL 331655, at *3 (D.S.D. Jan. 26, 2024) (citing Singleton v. Norris, 319 F.3d 1018, 1022–23 (8th Cir. 2003)). Petitions filed under § 2254 are subject to various restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), including exhaustion requirements, a statute of limitations, and limits on second or successive applications. See Pub. L. No. 104–132, §§ 104–106, 110 Stat. 1214, 1218–21 (1996). "A state prisoner cannot escape the restrictions of § 2254 by filing a habeas petition under § 2241 . . . ." DeCory, 2024 WL 331655, at *4. However, § 2254 applies only to individuals "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Thus, there remains a subset of individuals in state custody to whom

5

§ 2254 is not an available remedy by its own terms, namely individuals in pre-trial detention such as what Vasquez alleges here. Such pretrial detainees seeking to challenge their custody as unlawful can "file an application for a writ of habeas corpus governed by § 2241." Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004); see also Dominguez v. Kernan, 906 F.3d 1127, 1135–36 (9th Cir. 2018); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015); Martinez v. Caldwell, 644 F.3d 238, 242 (5th Cir. 2011); Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007).

Section 2241(c)(3) authorizes federal district courts to grant writs of habeas corpus to individuals held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although other sections of § 2241 limit relief to federal prisoners, § 2241(c)(3) makes no distinction between state or federal prisoners. See id. And unlike petitions filed under § 2254, petitions filed under § 2241 by those in pretrial detention are not subject to the same AEDPA restrictions. See Martinez, 644 F.3d at 242 ("[W]hen Congress amended § 2254(d) in 1996 amid sweeping habeas reform, it did not similarly amend § 2241."); Mathena v. United States, 577 F.3d 943, 945 (8th Cir. 2009) (casting doubt on the applicability of AEDPA's statute of limitations requirement on a § 2241 petition).

"Even though a pretrial detainee can bring a habeas petition pursuant to 28 U.S.C. § 2241, federal courts should not interfere—absent extraordinary circumstances—with a state's 'pending judicial processes to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution.'" Wraggs v. Clemons-Abdullah, No. 4:21-cv-01458, 2022 WL 1131290, at *2 (E.D. Mo. Mar. 24, 2022) (quoting Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981)). "Although the text of 28 U.S.C. § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that 'federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the

merits in the state court or by other state procedures available to the petitioner.'" Id. (alteration in original) (quoting Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987)); see also Sacco, 649 F.2d at 635–36 (petitioner seeking relief from state under § 2241 was "required to exhaust his state remedies"); Hogquist v. Anoka Cnty. Dist. Cts., No. 19-CV-2471, 2019 WL 6879367, at *1 (D. Minn. Oct. 24, 2019) ("A state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available."); Moore v. United States, 875 F. Supp. 620, 622 (D. Neb. 1994) ("Before a court will review the claims of a state pretrial detainee under section 2241, however, two requirements must be satisfied. First the petitioner must be 'in custody' . . . . Second, the petitioner must have exhausted his available state remedies."). "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson, 816 F.2d at 225 (citing Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 490–91 (1973)).

Here, it is unclear from the petition whether Vasquez has been arrested since his petition was filed. Regardless, this Court is to "abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Dickerson, 816 F.2d at 225. Vasquez has not shown any "special circumstances" necessitating relief under § 2241 before he has exhausted his state remedies. See Braden, 410 U.S. at 489 (stating that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court"); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) (stating that federal courts are reluctant to grant pretrial habeas relief, and that

in the interest of comity between federal and state courts, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances"). Since there are no 'special circumstances" that exist, Vasquez must first exhaust his state court remedies before bringing his petition, which he has not done.

Finally, Vasquez's § 2241 petition improperly names two states—South Dakota and Arizona. Both states have Eleventh Amendment immunity from suit, such that a § 2241 or § 2254 habeas petitioner in state custody must name the state officials having custody of the petitioner, usually the prison warden and attorney general. See Skillcorn v. Luebbers, 265 F.3d 687, 691 (8th Cir. 2001) (stating "the Eleventh Amendment does not bar habeas relief against state officials"); see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent is 'the person who has custody over the petitioner.'" (cleaned up and citation omitted)). If Vasquez is detained in Arizona, the District of South Dakota is the wrong court in which to file. See 28 U.S.C. § 2241(d). The District of Arizona would have jurisdiction over an unconstitutional detention of Vasquez in Arizona, so long as Younger and § 2241 abstention does not apply.

### III. Conclusion

For the reasons stated above, it is

ORDERED that Vasquez's Petition for Writ of Habeas Corpus, Doc. 1, is dismissed without prejudice.

DATED this 27th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE